IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01252-BNB

DAVID DONALD RITZ,

    Plaintiff,

v.

JOHN SUTHERS, Colorado Attorney General,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 1 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, David Donald Ritz, filed *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a complaint titled "Complaint & Motion to Vacate Arrest Warrant in State Criminal Case No[.] 07M17458 and Transfer to Federal District Court." On May 29, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Ritz to cure certain deficiencies in the case.

On June 9, 2009, before Mr. Ritz had the opportunity to cure the designated deficiencies, Defendant filed a motion to dismiss. On June 30, 2009, Mr. Ritz both cured the designated deficiencies by filing on the proper, Court-approved forms an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. He also filed a response to Defendant's motion to dismiss. On July 2, 2009, Magistrate Judge Craig B. Shaffer granted Mr. Ritz leave to proceed pursuant to § 1915.

The Court must construe Mr. Ritz's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Pursuant to 42 U.S.C. § 1983, Mr. Ritz must allege that Defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. See *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint will be dismissed without prejudice.

On May 13, 2008, a jury convicted Mr. Ritz in Denver County Court Case No. 07M17458, a criminal proceeding, on three charges of failure to file income tax returns in violation of Colo. Rev. Stat. § 39-21-118. Mr. Ritz's sentencing was set for June 20, 2008. Mr. Ritz alleges that he did not appear because on May 13, 2008, he removed the case to this Court. See *People v. Ritz*, No. 08-cv-00993-REB-KMT (D. Colo. June 9, 2009) (notice of removal from state court filed on May 13, 2008, and case remanded on June 9, 2009, to Denver County Court); *see also Ritz v. Denver District Court*, No. 08-cv-00973-REB-KMT (D. Colo. June 4, 2009) ("Petition for a Writ of Arrest of Warrant" filed on May 12, 2008, and case dismissed with prejudice on June 4, 2009, as duplicative of No. 08-cv-00993-REB-KMT). He also alleges that, as a result of his failure to appear, the Denver County Court ordered the forfeiture of his appearance bond and issued a warrant for his arrest. Through the instant action, Mr. Ritz is attempting to vacate the arrest warrant.

It is not clear to the Court that Mr. Ritz's state court proceedings are final because it is not clear if Mr. Ritz has been sentenced and judgment entered. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Ritz does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing criminal proceedings in state court. The fact that a criminal defendant may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, to the extent Mr. Ritz's state court proceedings are ongoing, the Court should abstain from exercising jurisdiction pursuant to *Younger*.

Alternatively, if Mr. Ritz has been sentenced and judgment entered and his state court proceedings are final, the Court appears to lack jurisdiction over this action. Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to

invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the complaint titled "Complaint & Motion to Vacate Arrest Warrant in State Criminal Case No[.] 07M17458 and Transfer to Federal District Court" and the amended complaint filed in this action and finds that, to the extent Mr. Ritz is asking the Court to review and reverse his conviction in No. 07M17458 by vacating his arrest warrant, the Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148.

Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). Finally, the *Rooker-Feldman* doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000).

As noted above, to the extent Mr. Ritz is asking this Court to review and reverse his criminal conviction in state court by vacating his arrest warrant, the Court finds that the amended complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

ORDERED that the amended complaint and action are dismissed without prejudice pursuant to the abstention doctrine of *Younger v. Harris*, 402 U.S. 37 (1971),

or alternatively, for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. It is

FURTHER ORDERED that the motion to dismiss is denied as moot.

DATED at Denver, Colorado, this 31 day of July, 2009.

BY THE COURT:

Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01252-BNB

David Donald Ritz
c/o 14255 Citation Lane
Peyton, CO 80831

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/31/09.

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk